UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SUDIPTA MOHANTY<br><br>Defendant | Case No. 23-cr-10246-DLC |

## GOVERNMENT'S MOTION IN LIMINE TO ADMIT DEFENDANT'S STATEMENTS UNDER FED. R. EVID. RULE 801(d)(2)(A)

The United States of America hereby moves to admit statements made by defendant Sudipta Mohanty to agents when he was interviewed on May 6, 2023.

### BACKGROUND

On August 9, 2023, Sudipta Mohanty was indicted by a grand jury of one count of violating Title 49, United States Code, Section 45606(2) (application of certain criminal laws to acts on aircraft) and District of Columbia Code Section 22-1312 (lewd, indecent, or obscene acts). The evidence at trial will show that on or about May 27, 2022, Mohanty knowingly engaged in lewd, indecent, or obscene acts in front of Minor A, who was fourteen at the time. Mohanty engaged in this misconduct while he was seated directly next to Minor A on an aircraft in flight and in the territorial jurisdiction of the United States.

On May 6, 2023, Special Agents went to Mohanty's girlfriend's home in Cambridge, MA to speak to him. When Mohanty came to the door, the agents identified themselves and confirmed Mohanty's identity. The agents then asked if Mohanty would be willing to speak to

them, to which he agreed.  While talking to the agents,[1] Mohanty confirmed that he and his companion R.S. travelled to Hawaii in May 2022 on Hawaiian Airlines.  Mohanty was advised that agents were investigating a complaint made by a fellow passenger alleging that he was engaged in inappropriate behavior on the return flight from Hawaii to Boston.  Specifically, Mohanty was advised that the complainant was seated next to him and described him as masturbating on the flight.  Mohanty suggested that he may have kissed R.S. on the cheek at some point.  Mohanty was advised that the complainant was specific and that what was described could not be confused with a kiss on the cheek.  Mohanty then said, "Well then I would have to say that my response would be to deny that."  When provided with additional details by agents about the complaint, Mohanty stated, "I have no recollection of that."  After the agents questioned his lack of recollection, Mohanty said words to the effect of, "Then I will go back to my original response and deny it."  Mohanty also said words to the effect of "I don't know what else to say."[2]

## DISCUSSION

The government is permitted to introduce Mohanty's statements on May 6, 2023 to agents pursuant to FED. R. EVID. 801(d)(2)(A).  That rule permits admission of certain statements

---

[1] This non-custodial interaction was not recorded.

[2] Defendant Mohanty was also interviewed by agents on August 9, 2023 after his arrest, about two and half months after his initial interview with agents, at which point he expressed remorse if anyone got hurt but also made self-serving statements denying the conduct.  The government does not presently seek to admit those post-arrest statements as they are self-serving hearsay.  Likewise, they are inadmissible by the defense, because the First Circuit, consistent with the language of FED. R. EVID. 801(d)(2)(A), has long held that a defendant may not introduce his own self-serving hearsay statements.  *See United States v. Rivera-Hernandez*, 497 F.3d 71, 82 n.5 (1st Cir. 2007) ("To be received in evidence an admission . . . must be contrary to that party's position at the time of the trial."); *United States v. Palo*w, 777 F.2d 52, 56 (1st Cir. 1985) (holding that Rule 801(d)(2)(A) was "designed to exclude the introduction of self-serving statements by the party making them").

that are not considered hearsay, including when "the statement is offered against a party and is [] the party's own statement."  FED. R. EVID. 801(d)(2)(A).  The Rule "represents an accommodation to the common sense view that statements of a principal actor should generally be received rather than excluded per se" and "because of their value they are receivable whether or not the declarant is available or appears as a witness."  *United States v. Rios Ruiz*, 579 F.2d 670, 676 (1st Cir. 1978).  Further, statements offered under this rule "need not have been against interest when made, need not be based on personal knowledge and may be in the form of an opinion."  *Id.  See also United States v. Barletta*, 652 F.2d 218, 219 (1st Cir. 1981) ("a statement need not be inculpatory or against interest to be admissible under Rule 801(d)(2)").

Here, statements that the government seeks to admit comply with the two requirements of FED. R. EVID. 801(d)(2)(A).  Specifically, Mohanty made the statements to agents on May 6, 2023 and the government seeks to admit them against Mohanty during his trial.  Thus, they are not considered hearsay and may be properly admitted by the Court when offered by the government.

                              Respectfully submitted,

                              JOSHUA S. LEVY
                              Acting United States Attorney

By:    */s/ Jessica L. Soto*
         ELIANNA J. NUZUM
         JESSICA L. SOTO
         Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      This is to certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing notice.

                                                */s/ Jessica L. Soto*
                                                Assistant U.S. Attorney

Dated: January 12, 2024